Steven R. Ervin
P.O. Box 1064
Rawlins, Wyoming  82301
(307) 321-5257
PLAINTIFF

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 0 2 2009

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEVEN R. ERVIN | ) | Civ. No. 09-CV-44-D |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| JUSTIN SNELL, and | ) | |
| MICHAEL MURPHY, and | ) | |
| ROBERT LAMPERT, in their official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| _____ | ) | |

PRELIMINARY STATEMENT

On March 3rd, 2008, Wyoming State Penitentiary Correctional Officer Justin Snell, told Three (3) African American Inmates in the (B-2 Unit), that I was in the 'Back Room', (Caseworker Randy Baunach's Office), "Snitching" on them, the African American Inmates. Substantially putting my life at immediate risk whereupon I was Confronted and Threatened by the African American Inmates which resulted in the

1

Entire 'B-2 Unit' being locked down, so that I could be removed to 'Administrative Segregation for my protection and safety. The Defendant, WSP Officer Justin Snell at a later date in March 2008, went to Plaintiff, Steven R. Ervin's Wife at her place of employment at 'The Rifleman Bar' and communicated to her that 'he', The Defendant, Justin Snell, had placed me in 'Protective Custody' because the 'Black Inmates' were going to kill the Plaintiff, Steven R. Ervin, which cause my family undue stress, worry and concern for the Plaintiff, Steven R. Ervin's safety in the Wyoming State Penitentiary. After Plaintiff, Steven R. Ervin's release from 'Administrative Segregation' and placed in 'A-1-Unit', The Defendant, Justin Snell immediately began antagonizing, intimidating and harassing both the Plaintiff, Steven R. Ervin, and the Plaintiff's Wife at her place of Employment which resulted in a 'Trespassing Order' issued by the Carbon County Sheriff's Department. After several 'Internal Affairs Investigations' which resulted in 'NO' relief for the Plaintiff's numerous Grievances, and Appeals to both the Defendant Michael Murphy, Warden of the Wyoming State Penitentiary, or Defendant Robert Lampert, Director of Wyoming Department of Corrections. The Defendant, Officer Justin Snell proceeded to threaten the Plaintiff, Steven R. Ervin even after Assistant Attorney General Dana J. Lent had warned Defendant Michael Murphy (Warden) to keep Defendant, Justin Snell, away from Plaintiff, Steven R. Ervin. In October 2008 the Defendant, Justin Snell threatened Plaintiff, Steven R. Ervin while the Plaintiff was speaking to his wife over a 'recorded phone call.' When all attempts to seek protection from the Defendant Justin Snell failed, Plaintiff called the Wyoming State Penitentiary 'Hot-Line' which was instituted to report 'sexual assaults' by both inmates and correctional officers, as well as any misconduct by WSP Correctional Staff. This phone

2

resulted in Plaintifft, Steven R. Ervin being placed again in Administrative Segregation where all of the Plaintiff's Legal Documents and Computer Legal Disc concerning the Defendant's Robert Lampert (Director WDOC), Michael Murphy (Warden WSP) and Officer Justin Snell were confiscated. While in Administrative Custody, The Defendant, Officer Justin Snell went through Plaintiff, Steven R. Ervin's personal Belongings and delivered the Defendant, Steven R. Ervin's Commissary to him in 'C1-Unit' an area out the Defendant Justin Snell's assigned post and continued to harass, instigate, and antagonize the Plaintiff, Steven R. Ervin, while in 'lock down' Administrative Segregation, during transport to Medical, Meals, Prison Chapel and Visitation while Plaintiff, Steven R. Ervin was visiting his Wife. The Defendant Justin Snell's labeling of Plaintiff Steven R. Ervin a 'snitch' put the Plaintiff Steven R. Ervin's Life at substantial risk throughout his incarceration in the Wyoming State Penitentiary, Causing the Plaintiff, Steven R. Ervin paranoia, stress, and increased worry since the Defendant, Justin Snell was bold enough to go to Plaintiff Steven R. Ervin's Wife's job.

## JURISDICTION AND VENUE

1. This actions seeks relief under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Venue is appropriate in this Court Pursuant to 28 U.S.C.§ 1391 (b).

## PARTIES

2. Plaintiff, Steven R. Ervin was serving a criminal sentence in the State of Wyoming and was incarcerated in the Wyoming State Penitentiary (WSP). Plaintiff had been placed under the care, custody, and control of the Wyoming Department of Corrections (WDOC).

3.  Defendant, Justin Snell is a citizen and resident of Wyoming. At all times relevant to this action, Mr. Snell was a Correctional Officer (Corporal) At the Wyoming State Penitentiary. As such, he has a duty to operate in a manner Consistent with State and Federal Law.

4.  Defendant Michael Murphy is a citizen and resident of Wyoming. At all times relevant to this action, Mr. Murphy has been the Warden of (WSP), As such, he has a duty to operate and administer (WSP) in a manner consistent with State and Federal Law.

5.  Defendant Robert Lampert is a citizen and resident of Wyoming. At all times material to this action, Mr. Lampert has been the Director of (WDOC). As such, he is the official ultimately responsible under State Law for the operation And administration of (WSP), including the operation and implementation of the policy and practice challenged in this action, and he has a duty to ensure that (WSP) is administered in a manner consistent with State and Federal law.

6.  All acts and omissions of Defendants described below were done under Color of state law and were performed during the scope of their employment. All Defendants are sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

7.  The Plaintiff followed all Grievance/Grievance Appeals to the Grievance Coordinator, to Defendants Michael Murphy (Warden WSP), and Robert Lampert (Director WDOC) according to the PRLA Act with many interruptions by (WSP) Staff including the confiscation of Plaintiff's Legal Documents/Computer Disc That were directed at Defendant Justin Snell, (WSP) Warden, Michael Murphy,

4

And Director (WDOC) Robert Lampert. In a Memorandum from Jason Bohl (WSP) Grievance Manager on April 22nd, 2008, replied that the investigative report did not reflect the same information the Plaintiff provided in reference to the grievance, however it does indicate that staff may have conducted themselves in an inappropriate manner. In a letter from the Office of the Attorney General Assistant Attorney General Dana J. Lent to ACLU Senior Counsel Stephen L. Pevar dated October 23rd, 2008 the administrative staff believed that enough information existed with respect to some of the Plaintiff's allegations to warrant further action. An additional investigation into Plaintiff Steven R. Ervin's Complaints was necessary because it was evident the Defendant Cpl. Justin Snell has behaved unprofessionally and has shown a clear lack of appropriate judgment in his interactions with the Plaintiff, Inmate Steven R. Ervin.

## ARGUMENT

8.  "Labeling an inmate a snitch has the potential for great harm because is subjects that inmate to "Life-threatening retaliation by other inmates." Benefield, 241 F.3d at 1271.

9.  Consequently, labeling a prisoner a snitch violates a prisoner's Constitutional Rights under the Eighth Amendment.... And constitutes deliberate indifference to the safety of that inmate. Id., at 1270, 1271.

10. Prison officials who spread a rumor that an inmate is a snitch violate That inmate's constitutional rights even if an assault does not occur, the Tenth Circuit held in Benefield. Simply spreading such a rumor places the identified Inmate in substantial risk of future injury, and the inmate "does not need to wait

5

Until he is actually assaulted before obtaining relief." Benefield, at 1272, Quoting Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir. 1980).

## CLAIM FOR RELIEF

11. Based on the facts set forth above. Plaintiff Steven R. Ervin seeks Injunctive, Declaratory, Punitive, and Compensatory relief, enjoining Defendants Snell, Lampert and Murphy in their Individual and Official Capacities (and all Persons acting under their command). Plaintiff also seeks nominal damages Pursuant to 42 U.S.C. § 2000cc and 42 U.S.C.§ 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

1. Issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202,

2. Issue injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure on behalf of Plaintiff, Steven R. Ervin which violated Federal Rights.

3. Grant Plaintiff, Steven R. Ervin Compensatory and Punitive damages in the amount of, One Million Five Hundred Thousand Dollars ($1,500,000.00)

4. Grant such additional and further relief as the Court may deem proper under the circumstances, including an award of filing attorneys fees and costs incurred in this litigation.

_____  2-26-09
Steven R. Ervin